UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANTZ DOMINIQUE CONSEILLANT,

                              Plaintiff,

                                                        9:09-CV-0311

v.                                                 (TJM)(DRH)

ROOSEVELT LAFONTANT, Marine, U.S.
Military; *et al.*,

                              Defendants.

APPEARANCES:

**FRANTZ DOMINIQUE CONSEILLANT**
98-A-2204
Plaintiff, *pro se*

**THOMAS J. McAVOY**
**Senior U.S. District Judge**

## DECISION and ORDER

**I.    Background**

      Plaintiff Frantz Dominique Conseillant commenced this action by filing a *pro se* civil rights complaint. Dkt. No. 1. By Order of this Court filed on April 8, 2009 ("April Order") defendant Contiguglia was dismissed from this action because, as a Judge, he is absolutely immune from liability in this Section 1983. Dkt. No. 4 at 3, 5. The April Order also observed that: (1) plaintiff failed to allege that any of the defendants named in the complaint were personally involved in the alleged violation of plaintiff's constitutional rights and (2) the allegations in the complaint were "so sparse as to make it nearly impossible for the Court or the Defendants to assess the adequacy of his claims or for Defendants to adequately respond thereto."[1] *Id*. at 4. In light of his *pro se* status, plaintiff was afforded an

---

[1] The Court noted that while plaintiff appeared to claim that his constitutional rights had been violated, "the circumstances and perpetrators of those violations [were] not readily apparent, nor [did] Plaintiff identify what injuries he may have suffered." Dkt. No. 4 at 4.

opportunity to submit an amended complaint. *Id*. at 6.  Presently before the Court is plaintiff's amended complaint.[2]  Dkt. No. 5.  Initially, the Court notes that plaintiff did not include Roosevelt Lafontant or Theodore C. Zerniak as defendants in his amended complaint, stating that they are "dismissed ... cause of lack of evidence." *Id*. at 1. "John Does One Through Seven" are also not included as defendants in the amended complaint.  *Id*.  Plaintiff has, however, named twenty-four new defendants.  *Id*. at 6-7.  The amended complaint will be reviewed with respect to the twenty-four new defendants.  Upon review of the amended complaint, the Court finds that plaintiff has not complied with the April Order and has not alleged sufficient facts to state a claim for which relief may be granted under 42 U.S.C. § 1983.

**II.    Discussion**

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atlantic Corp*., 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft*, 129 S.Ct. at 1949. "Threadbare  recitals of the elements of a cause of action, supported  by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere  possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 129 S.Ct. at 1949 (citing Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully

---

[2] Plaintiff's amended complaint is **not signed**.

-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). Allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, No. 08-0102-cv, 2009 WL 1762856, at *1 (2d Cir. Jun. 23, 2009).

Plaintiff's amended complaint is bereft of dates, names, and any meaningful description of what actually occurred or who committed what action and fails to give defendants "fair notice" of the grounds upon which plaintiff's claims are based. Significantly, the amended complaint's failure to provide such notice followed a district court order that, in dismissing plaintiff's original complaint, explained its deficiencies and provided plaintiff with an opportunity to cure the defects. The order also advised plaintiff that failure to do so would result in dismissal. Plaintiff has not complied with the Court's directions set forth in the April Order. Plaintiff has again failed to allege personal involvement of **any** defendant in any alleged wrongdoing. Moreover, it is again difficult to discern what, if any, wrongdoing, plaintiff is attempting to allege in his amended complaint. His amended complaint contains a litany of conclusory statements which amount to nothing more than legal conclusions and hollow allegations that all of the defendants harmed plaintiff. Examples of plaintiff's allegations include: (1) "Correctional staff started violating my constitutional rights and I did not know exactly who the people were" (Dkt. No. 5 at 3); (2) "I spoke to or wrote to the 24 defendants again and again and they were all deliberately indifferent and I ended up getting hurt physically in the process (*id*.); (3) the defendants all "had actual and constructive knowledge of policies, procedures, protocols of the N.Y.S D.O.C. U.S.A and all the defendants knew my constitutional rights would be violated cause this is how normally political activitist [*sic*] and political active inmates are traditionally and customarily handled,

3

treated and dealt with all the time inside and outside of prison and there exist herstorical [*sic*] facts" (*id*. at 4); and (4) "[d]efendants did absolutely nothing before and after my injuries and violations. Exact dates are unknown to the petitioner" (*id*. at 5). None of these allegations meet the standards set forth in either *Twombley v. Bell Atlantic Corp*. or *Ashcroft v. Iqbal*. Even after allowing for due deference to a *pro se* plaintiff, plaintiff's conclusory allegations are insufficient to give defendants "fair notice" of his claims.

Not only are plaintiff's claims subject to dismissal pursuant to Rule 8, but any vague claims that can be discerned are also subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) for failure to state a claim upon which relief may be granted.

### A.    Unfiled grievances

Plaintiff alleges that his "grievances went unfiled and unanswered." Dkt. No. 5 at 4. "Inmates do not have a constitutional right to have grievances processed or to ensure that grievances are processed properly." *Farid v. Demars*, 9:06-CV-1545, 2009 WL 455450, at *6 (N.D.N.Y. Feb. 23, 2009) (citing *Torres v. Mazzuca*, 246 F. Supp.2d 334, 342 (S.D.N.Y. 2003) (prison grievance procedures do not confer any constitutionally protected right on an inmate)). Thus, to the extent that plaintiff alleges that grievances were not processed or were not processed properly, plaintiff fails to state a constitutional claim.

### B.    False misbehavior reports

Plaintiff alleges that he was "written up on false misbehavior reports." Dkt. No. 5 at 4. However, the mere allegation that a defendant filed false disciplinary charges is insufficient to state a claim for the violation of a plaintiff's rights. "[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862

4

(2d Cir. 1997) (citation omitted).

    **C.**    **Medical issues**

Plaintiff claims that he was "getting poisoned with a unknown substance" which was "diagnosed as fungal" and he has "been getting treated for it ever since." Dkt. No. 5 at 3. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend VIII. This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Mere disagreement with prescribed treatment does not rise to the level of a constitutional claim. *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.1992). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id.* (citations omitted). An inmate does not have the right to treatment of his choice. *Id.* (citing *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir.1986). Negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate; claims of malpractice or disagreement with treatment are not actionable under § 1983. *Murphy v. Grabo*, No. 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, D.J.).

The fact that plaintiff states that he has "been treated ... ever since" once his condition was diagnosed as "fungal" contradicts any claim that there was deliberate indifference to plaintiff's medical needs in that regard. Plaintiff allegation that he "did not receive [his] annual Hiv-test two years straight" also does not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285 (1976) ("[T]he question of whether ... [a] diagnostic technique [ ] ... is indicated is a classic example of a matter for medical judgment. A medical decision not to order ... like measures[ ]

5

does not represent cruel and unusual punishment. At most it is medical malpractice...."); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp.2d 303, 312 (S.D.N.Y. 2001) (prisoner's "disagreements over ... diagnostic techniques (e.g., the need for X-rays) ... are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") (citation omitted). Additionally, plaintiff does not allege personal involvement by any of the defendants with respect to this wrongdoing.

### D.  Denial of access to courts

Construing plaintiff's amended complaint liberally, plaintiff claims that he is being denied access to the courts because of mail tampering. Dkt. No. 5 at 4. In support of his claim, plaintiff states that he "filed a motion to the Western district N.Y.S. for a Fed. R. Civ. P. # 16 and receive absolutely no response ... since [he] originally filed suit Conseillant v. Worle 06-CV-6535 W.D.N.Y." *Id*. All persons, including prisoners, have a constitutional right of access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997). To establish a violation of this right, "a plaintiff must demonstrate that a defendant caused 'actual injury,' i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.' " *Id*. at 247 (quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). A search of the Federal Judiciary's Public Access to Court Electronic Records Service (PACER) for plaintiff's Western District case number 06-CV-6535 finds that plaintiff filed a motion to compel in that case as recently as March 5, 2009 and on April 27, 2009 was issued notice from the Court that a Rule 16 Conference had been scheduled. *Conseillant v. Worle*, No. 6:06-CV-06535 (W.D.N.Y.) (docket report). Plaintiff also filed interrogatories on June 2, 2009. *Id.* In light of the ongoing activity in the Western District case, plaintiff alleges no actual injury in connection with his access to the courts claim and therefore fails to state a claim pursuant to Section 1983.

### III.     Conclusion

Upon review, the Court finds that plaintiff has entirely failed to comply with the Court's April Order because the amended complaint does not allege personal involvement in any wrongdoing by any of the defendants and does not give "fair notice" of plaintiff's claims. Plaintiff has also not alleged sufficient facts in his amended complaint to state a claim for which relief may be granted under 42 U.S.C. § 1983.  Therefore, this action is dismissed, without prejudice.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED**, that this action is dismissed without prejudice due to plaintiff's failure to comply with this Court's April and for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Dated: July 20, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge